Under a proceeding brought shortly after this sale, the Circuit Court of Union County held the bonds to be illegal. Plaintiff alleges in its amended petition that the statement attributed to the attorney-general was never given by him, but on the contrary, he had previously given an opinion to the prosecuting attorney of said Union county that the bonds were illegal.
Plaintiff says that it relied upon the statements set forth in said letter, and, by means of said statements, defendant induced it to purchase said bonds.
To this amended petition, the defendant has filed a demurrer, on the ground that the amended petition does not state facts sufficient to constitute an action against it.
I am constrained to sustain the demurrer to the amended petition, and will very briefly state my reasons.
*527 The false representations complained of consist in a false statement as to there being an opinion of the Attorney-General of the State of Ohio upon the bonds, in the amended petition described. It is true it was an absolute statement made by the defendant to the plaintiff of what purported to be an existing fact. The question therefore is, what was this alleged existing ■fact? If the opinion of the Attorney-General of the State of Ohio could in any way alter or change the character of the bonds described, or was such as would justify a person in purchasing and investing money in bonds it would follow that that opinion, then, would be material.
There is a distinction between' a statement of a material fact .and of a mere matter of opinion. As a matter of law the opinion of the Attorney-General of the State of Ohio could neither validate, nor invalidate these bonds. The statement of his alleged opinion, therefore, could not be a representation of any material fact in regard to the bonds or as to their character. The plaintiff in this ease was fully aware of the nature of the bonds which it was buying and the only deceit possible with reference thereto consisted of a representation as to the opinion of an attorney. Unless it can be established as law that a favorable opinion of the attorney-general would confer a greater value or some validity to these bonds, then, whether or not he had approved the legality of the same, can not affect the character or sale thereof. The plaintiff in this case was in a position with respect to this subject matter which was as good as that .of the defendant, with the exception of its belief in this opinion.
It is true that there are cases in which the very fact concerning which a statement is made, may be the existence of an opinion. In such case the existence of the opinion is the fact material to the proposed transaction, and in such ease the statement that such an opinion exists becomes then an affirmation of a material fact, and if untrue it is a misrepresentation (2 Pomeroy’s Eq., Section 878).
I conceive that it is not universally true that a misrepresentation of the law is not binding upon the party who makes it. The exception consists in cases of transactions between parties to fiduciary and confidential relations and the like, but that is *528 not the'case here (See Bigelow’s Law of Fraud, I Vol., 488).
Robert J. Smith, for plaintiff. p
Barton Griffith, for defendant.
■ Another point is argued as to ownership. The petition alleges that the defendant was not the owner of the bonds when this letter offering to sell was written, but is silent as to ownership when the sale was actually made. Failure of title can only be pleaded as a cause of action where there is an actual want of title and the failure to have title is the cause of a loss. In this ease, so far as the petition is concerned, there is no representation that the defendant in this case did not have the right and title to these bonds, and had the right to sell the same on the day of the sale.
There is still another question, and that is whether the seller of bonds issued as in this case impliedly warrants the validity of the bonds. See a discussion of this case in 92 U. S., 448, in the case of Ottis v. Cullum, and especially the discussion on page 449. Likewise, the case in 94 Tenn., 57, where it is held in the first syllabus: “There is no implied warranty by the seller of town bonds that the bonds were legally issued.” In this case the town of Athens had issued bonds, but it after-wards turned out that it had no corporate existence and the bonds were void. In that ease in the sale of the bonds the seller represented that they were valid and yet it was held that the buyer could not recover on the ground the false representation by the seller as to their validity, and that the statement of the seller in regard to the validity of the bonds was one of opinion and not of fact, and that the buyer could not recover.
One further point is suggested in the argument, and that is that the words of the letter themselves amounted to a warranty or guarantee, in that it is stated that “if purchased at 102 they would net the plaintiff 4.65.” This is not a warranty of fact, but a mere arithmetical deduction, as to which the plaintiff was just as cognizant as was the defendant.
The demurrer to the amended petition is sustained and leave granted the plaintiff to further plead or take such action as it deems best.